UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALAYA COLEMAN,

            Plaintiff,

v.

RPF-SOMERS INVESTORS, LLC,
ANNENBERG INESTMENTS LTD.,
LV PROPERTY MANAGEMENT,
MOYER PROPERTIES, LLC,
DAVIAON JOHNSON, MELVIN
PITT, NICOLETTE WASHINGTON,
MAURICE PASQUIER, and KAYLA
RIVERA,

            Defendants.

Case No. 25-CV-1277-JPS

**ORDER**

---

**1. INTRODUCTION**

In July 2025, Plaintiff Alaya Coleman ("Coleman"), proceeding pro se, sued Defendants RPF-Somers Investors, LLC ("RPF-Somers"), Annenberg Investments Ltd. ("Annenberg"), Moyer Properties, LLC ("Moyer") (together, "the Removing Defendants"), LV Property Management ("LV"), Daviaon Johnson ("Johnson"), Melvin Pitt, Nicolette Washington, Maurice Pasquier, and Kayla Rivera (all together, "Defendants")[1] for, inter alia, sexual assault, negligence, intentional infliction of emotional distress, invasion of privacy, trespass, and for a civil

---

[1]Coleman also originally named Dablessin Wilson as a defendant in this case, *see* ECF No. 1-2, but has since voluntarily dismissed that party without prejudice, *see* ECF No. 34. Dablessin Wilson has thus been terminated from the docket, *see* Oct. 20, 2025 docket entry, and is omitted from the case caption.

violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. ECF No. 1-2. In August 2025, the Removing Defendants removed this action to the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1441. ECF No. 1.

There are multiple pending motions in this case, which was recently assigned to this branch of the Court for further disposition. *See* Oct. 10, 2025 docket entry. The Removing Defendants moved to dismiss Coleman's complaint. ECF No. 2. LV separately moved to dismiss Coleman's complaint. ECF No. 4. Coleman has not responded to either motion, but she has filed several additional motions. Specifically, Coleman has filed a motion to remand this case to state court, ECF No. 6, which is fully briefed by the parties who have appeared thus far (Removing Defendants and LV), ECF Nos. 13, 21, 23; for default judgment as to Johnson, ECF No. 28; and for leave to file an amended complaint, ECF No. 31. For the reasons stated herein, the Court will deny all the pending motions in this case and order Coleman to amend her complaint to comply with Federal Rule of Civil Procedure 8 or face dismissal of this case.

## 2. MOTION TO REMAND

It is a "well-known rule that removal is proper over any action that could have been filed originally in federal court." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (citing 28 U.S.C. § 1441 and *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972)). District courts must construe the removal statute narrowly, however, and resolve any doubts regarding subject matter jurisdiction in favor of remand. *Ests. of Briney ex rel. Clay v. Mr. Heater Corp.*, 602 F. Supp. 2d 997, 1001 (W.D. Wis. 2009) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) and *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982)).

Coleman moves to remand this case back to the Circuit Court of Kenosha County, Wisconsin where it was originally filed.[2] ECF No. 6. In support, Coleman argues that the removal was "both jurisdictionally defective and procedurally improper." *Id.* at 1. The Court will address each argument in turn.

### 2.1 Jurisdictional Requirements for Removal

Coleman argues that the Court lacks subject matter jurisdiction because "[n]o federal question appears on the face of the [c]omplaint, and complete diversity of citizenship is absent." *Id.* at 2. The Removing Defendants removed this case pursuant to 28 U.S.C. § 1441, asserting that removal was proper because Coleman "alleged that [Defendants] have violated" 18 U.S.C. § 1962 and therefore the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF No. 1 at 2. They further asserted that the Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367 because they "form part of the same case or controversy [as Coleman's federal claim] under Article III of the United States Constitution." *Id.* at 2–3.

Coleman first argues that federal question jurisdiction is lacking because the "gravamen of this action is local and grounded in Wisconsin law: premises-liability standards, landlord duties to tenants, and nuisance enforcement at a Kenosha property." ECF No. 6 at 20. The Removing

---

[2]Coleman also seeks to recover her out-of-pocket costs and expenses in objecting to removal. ECF No. 6 at 26–27 (citing 28 U.S.C. § 1447(c)). While it is true that "[a]n order remanding the case may require payment of just costs and actual expenses," 28 U.S.C. § 1447, it would be improper to award Coleman her expenses in objecting to what the Court has determined was a proper notice of removal, *see infra* Sections 2.1 and 2.2. The Court will accordingly deny Coleman's motion request for costs.

Defendants do not address this argument in their brief, instead stating only that Coleman's pleading of a federal cause of action—namely, her civil RICO claim—"is [alone] sufficient to [establish] original jurisdiction [to the] Court," making removal proper. ECF No. 13 at 3–4 (citing 28 U.S.C. § 1441(c)). They assert that "[b]ecause a federal question is plainly presented on the face of [Coleman's] complaint, [Coleman does] not show that federal-question jurisdiction is lacking or that removal was unauthorized." *Id.* at 4 (quoting *Patterson v. Evers*, No. 25-CV-41-WMC, 2025 WL 2105652, at *3 (W.D. Wis. July 28, 2025)).

Coleman is correct that a plaintiff is "master of the [c]omplaint," ECF No. 6 at 21, which is a phrase that refers to the "well-pleaded complaint rule" that "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and allows a plaintiff to "avoid federal jurisdiction by *exclusive* reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)) (footnote omitted). But here, Plaintiff did *not* exclusively rely on state law but rather included a federal claim in her operative complaint (the amended complaint from Kenosha County Circuit Court which was removed). She provides no support for the notion that removal is improper merely because most of the claims are based in state law. In her reply, Coleman asserts that the "inclusion of [the RICO claim] in the amended complaint does not convert the action into a federal case." ECF No. 21 at 2. In support she relies on a Supreme Court case that is inapposite—*Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804 (1986). *Id.* at 2–3 (stating that the Supreme Court held that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction" (quoting 478 U.S. at

813). In *Merrell Dow*, however, the Court expressly noted that the parties agreed that the complaint did "not allege that federal law create[d] any of the causes of action [it] asserted." 478 U.S. at 811 (footnote omitted). In contrast, Coleman's complaint *does* state a cause of action expressly created by federal law—namely, her civil RICO claim. The Court therefore rejects Plaintiff's argument on this point.

Coleman next argues that the Court exercising supplemental jurisdiction over state-law claims is not appropriate in this case because state issues "'substantially predominate' over any federal count in terms of proof, scope, and remedy." ECF No. 6 at 20 (quoting 28 U.S.C. § 1367(c)(2)). Defendants assert that supplemental jurisdiction is proper here because the "state-law and federal-law claims are based on the same nucleus of facts" and that the claims are "inextricably related." ECF No. 13 at 5–6 (citing *Oney v. Assured Recovery LLC*, No. 19-C-680, 2019 WL 3346754, at *3 (E.D. Wis. July 25, 2019); and *Fowler v. Evansville Convention & Visitors Bur.*, No. 3:10-CV-104-RGY-WGH, 2010 WL 4291298, at *4 (S.D. Ind. Oct. 22, 2010); and quoting *Angelopoulos v. Keystone Orthopedic Specs., S.C.*, No. 12-CV-05836, 2014 WL 292578, at *7 (N.D. Ill. Jan. 23, 2014)).

The Court agrees with Defendants here, because the state law claims and the civil RICO claim "involve the same witnesses, physical locations, [and] incidents." *Id.* at 7. Indeed, Plaintiff brings the civil RICO claim against all Defendants and the claim incorporates all the prior paragraphs of the complaint, which include the various allegations surrounding purported violations of Wisconsin law. ECF No. 1-2 at 195. The Court therefore rejects Coleman's argument that its exercise of supplemental jurisdiction over the state law claims would be improper in this case.

Coleman lastly asserts that, even if the Court has federal jurisdiction over the civil RICO claim, "the negligence and premises-liability claims are 'separate and independent' under 28 U.S.C. § 1441(c)(2) and must be severed and remanded." ECF No. 6 at 20. Defendants argue that severance is improper here because "[c]ourts in this District exercise supplemental jurisdiction over state-law claims where they closely relate to RICO claims," which is the case here. ECF No. 13 at 5 (citing *Grove Holding Corp. v. First Wis. Nat'l Bank of Sheboygan*, 803 F. Supp. 1486, 1509 (E.D. Wis. 1992)).

The Court has already held that the state law claims involve the same core facts as the civil RICO claim. Nevertheless, even where supplemental jurisdiction is proper, a court may decline to exercise it if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Coleman appears to raise only the second ground in her motion to remand, and grounds one, three, and four do not apply here in any instance. The Court is not persuaded that Coleman's state law claims "substantially predominate[]" over her civil RICO claim because it seems likely that "presentation of the original and supplemental claims will [likely] overlap substantially at trial," which suggests that supplemental jurisdiction will "realize economy and efficiency" in this case. *Oney*, 2019 WL 3346754, at *3 (quoting 13D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3567.3 (3d ed. 2008); *Bartoli v. Applebee's Rest.*, No. 00 C 5954, 2001 WL 40798, at *2 (N.D. Ill. Jan. 17 2001); and *Wagner v. Bank of Am., N.A.*, No. 12-744-GPM, 2012 WL 6586347, at *2 (S.D. Ill. Dec. 17,

2012)). Because Coleman will need to rely on her state law claims to establish elements of her civil RICO claim, the Court finds that substantial overlap exists and therefore that severing the state law claims would be improper in this instance.

### 2.2 Procedural Requirements for Removal

When removing a case from state court under § 1441(a), as the Removing Defendants have done here, 28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." "A 'defect in the removal procedure' normally requires remanding a case that has been removed under section 1446(a)." *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (citing 28 U.S.C. § 1447(c) and quoting *In re Continental Cas. Co.*, 29 F.3d 292, 293–94 (7th Cir. 1994)).

Coleman argues that the removal of this case was improper because the notice of removal "suffers from untimely and invalid consents, violation of the 'rule of unanimity,' and other statutory errors." ECF No. 6 at 2. She goes on to explain that the Removing Defendants "did not secure unanimous written consent from all properly served parties, relied on second-hand or attorney assurances rather than docketed consents, attempted to include the consent of an unserved defendant, and misstated the identity and citizenship of a forum defendant." *Id.* at 4. Because Johnson was served but did not provide consent to the removal and because LV was served but did not file a formal notice of consent to the removal on the record, Coleman argues the notice of removal is defective and the case must be remanded. *Id.* at 5–7; 10–13.

First, with respect to LV having been served but not filing a formal notice of consent to removal on the state court docket, the Removing

Defendants respond that Coleman relies on inapplicable caselaw to support her position, specifying that she cites dicta that is not supported by the conclusion, hallucinates nonexistent quotes from cases, and fails to account for more recent changes to the removal statute that undermine her point. ECF No. 13 at 8–9. The Court agrees. This case is similar to *Jenson v. Lowe's Home Centers, LLC*, where the plaintiff objected to removal because not all properly served defendants had filed a written consent to removal. No. 1:22-cv-01100-JRS-MPB, 2022 WL 4462425 (S.D. Ind. Sept. 26, 2022). Instead, the removing party stated that it had conferred with the other served parties and had "been advised that they consent[ed] to the removal of th[e] action." *Id.* at *1. The Southern District of Indiana found that removal was proper there because the 2011 amendment to the removal statute allowed for removal when all properly joined defendants either joined in *or* consented to removal of the action. *Id.* at *1–2 (citing 28 U.S.C. § 1446(b)(2)(A)). The court also noted that the party who had not filed notice of consent to removal "made a general appearance [in the federal case] and filed an answer," which showed "consent to th[e] [c]ourt's jurisdiction." *Id.* at *2. That same party also filed a verified consent to removal on the record after the plaintiff moved to remand. *Id.* at *1. These facts, according to the Southern District of Indiana court, dispelled "[a]ny lingering doubts" about the parties' consent to removal. *Id.* at *2. This case is nearly identical to *Jenson*—in its notice of removal, the Removing Defendants asserted that LV's counsel had consented to removing the case, ECF No. 1 at 3 and ECF No. 1-6 at 2, LV appeared before this Court and filed a responsive pleading, ECF No. 4, and LV's counsel filed a declaration confirming that LV had consented to the removal of this case "at the time it was removed." ECF No. 14 at 2. The Court finds that these facts, taken together, demonstrate that

the notice of removal complied with the requirements of 28 U.S.C. § 1446(b)(2)(A).

Coleman also argues that Johnson's consent to removal was required because he was properly served. ECF No. 6 at 5–7, 10–11. Coleman alleges that Johnson was personally served. *Id.* at 10. The Removing Defendants respond that Johnson was not properly served, so his consent was not required. ECF No. 13 at 13–14.

Wisconsin requires a plaintiff to exercise reasonable diligence at personal service in the first instance. WIS. STAT. § 801.11(1)(a). Only if that is not successful may a plaintiff attempt to serve a defendant by leaving the summons at the defendant's usual place of abode with a competent adult or member of the defendant's family who is informed of the summons' contents. *Id.* § 801.11(1)(b). Only when a plaintiff's reasonable diligence under *both* methods fails may it then serve a defendant via publication and mailing. WIS. STAT. § 801.11(1)(c). While "[r]easonable diligence does not require 'all possible diligence which may be conceived,' . . . it does require a plaintiff to 'exhaust . . . any leads or information reasonably calculated to make personal service possible.'" *Wis. Laborers Health Fund v. Sup. Sewer & Water, Inc.*, No. 21-CV-193-JDP, 2021 WL 6333911, at *1 (W.D. Wis. Sept. 7, 2021) (first quoting *Haselow v. Gauthier*, 569 N.W.2d 97, 101 (Wis. Ct. App. 1997) then quoting *Cunningham v. Montes*, No. 16-cv-761-jdp, 2018 WL 2390118, at *2 (W.D. Wis. May 25, 2018) and then citing *West v. West*, 262 N.W.2d 87, 89 (Wis. 1978)).

As the Removing Defendants point out, service on Johnson is plainly deficient here because nothing suggests that Plaintiff exercised reasonable diligence by first attempting personal service on Johnson. ECF No. 13 at 13 (citing *The Goat LLC v. Adv. Wholesale, LLC*, 349 F.R.D. 318, 329 (E.D. Wis.

2025)). Even if the process server's affidavit of service on Johnson's mother, ECF No. 6-1 at 17, could constitute an attempt to personally serve Johnson,[3] one single attempt at personal service is inadequate to establish reasonable diligence under Wisconsin law. *See The Goat LLC*, 349 F.R.D. at 329. Further, the record suggests that the service of Johnson's mother was deficient even as a method of substitute service because it did not occur at Johnson's "usual place of abode" as required by Wisconsin Statutes § 801.11(1)(b). *Compare* ECF No. 6-1 (demonstrating that Johnson's mother was served at 38436 N. Spitz Dr., Beach Park, Illinois 60099) *with* ECF No. 1-2 at 9 (alleging that Johnson's last known address is 2382 Spitz Dr., Beach Park, Illinois 60099). Accordingly, because Plaintiff has failed to properly serve Johnson, his consent to removal was not required. *See* 28 U.S.C. § 1446(b)(2)(A).

Coleman also argues that RFP-Sommers' citizenship of Wisconsin bars removal. ECF No. 6 at 8–10 (citing 28 U.S.C. § 1441(b)(1)). In doing so she mistakenly assumes that the case was removed based on diversity citizenship, but it was removed instead based on federal question jurisdiction, *see supra* Section 2.1, so the citizenship of the parties is irrelevant. *See Salzstein v. Bekins Van Lines, Inc.*, 747 F. Supp. 1281, 1283 (N.D. Ill. 1990) (noting that, if federal question jurisdiction applies, "diversity of citizenship is wholly irrelevant").

Coleman also argues that the notice of removal is procedurally defective because it fails to attach an exhibit packet and witness list. ECF No. 6 at 15–16. Coleman does not provide any authority to suggest that

---

[3]The Court is not convinced of this, as the affidavit itself notes that the manner of service was "Substitute Service" rather than "Personal Service." *See* ECF No. 6-1 at 17. Moreover, the language of Wisconsin Statutes § 801.11(1)(a)–(b) demonstrates that substitute service is appropriate only after reasonable diligence at personal service has been completed.

failure to include these types of additional submissions in the notice of removal forms a defect in the removal procedure such that remand is required under 28 U.S.C. § 1446(a). *See generally id.* The Court does not see how she could, as "a totally inconsequential defect in removal papers [does not] deprive the district court of jurisdiction over a case removed to it." *Walton*, 643 F.3d at 999 (citing *Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967); *Cook v. Randolph County*, 573 F.3d 1143, 1149–50 (11th Cir. 2009); and 14C CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3733, pp. 635–41 (4th ed. 2009)). In *Walton*, the Seventh Circuit held that failure to include in the removal papers "the summonses that the plaintiff had served on them in the state court" was such a "totally inconsequential defect." *Id.* at 998–99. The Court views the absence of an exhibit packet and witness list as similarly "inconsequential."

Coleman lastly argues that removal was procedurally defective in this case because she was not properly served with the removal paperwork and no certificate of service was timely filed on the record in this forum. ECF No. 6 at 16–19. Coleman misreads the removal statute, however, which does not require that a removing defendant *serve* an adverse party with notice of removal, but merely that it "give written notice thereof to [the] adverse part[y] and . . . file a copy of the notice with the clerk of [the] *State* court" where the case was filed. 28 U.S.C. § 1446(d) (emphasis added). Coleman acknowledges that she received written notice of removal on August 28, 2025 and August 29, 2025.[4] *See* ECF No. 6 at 16–17. The

---

[4] The Removing Defendants properly effectuated service under Federal Rule of Civil Procedure 5(b)(C), which permits serving a notice to a party by "mailing it to the person's last known address." The Federal Rules of Civil Procedure apply to a civil action after it is removed from state court. FED. R. CIV. P. 81(c)(1).

Removing Defendants also properly filed a notice of removal in the state court. *Alaya Coleman v. Dablessin Wilson, et al.*, No. 2025CV000739 (Kenosha Cnty. Cir. Ct. 2025), available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2025CV000739&countyNo=30 (last visited Nov. 4, 2025), Aug. 25, 2025 docket entry. Defendants have, accordingly, complied with the requirements of 28 U.S.C. § 1446(d).

For all these reasons, Coleman's motion to remand, ECF No. 6, will be denied in full.

### 3. MOTION FOR DEFAULT JUDGMENT

On October 9, 2025, Coleman requested entry of default as to Johnson, asserting that he was "properly served" on or about July 22, 2025. ECF No. 27. The Clerk of Court has not entered default, but Coleman nevertheless moved the same day for default judgment as to Johnson. ECF No. 28 (citing FED. R. CIV. P. 55(b)(2)). The Court will deny Coleman's motion because Johnson was never properly served, *see supra* Section 2.2, therefore he cannot be faulted for his failure to appear. *Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995) ("[A] responsive pleading is required only after service has been effected and the party has been made subject to the jurisdiction of the federal courts." (citing FED. R. CIV. P. 12(a)(1)(A); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); and *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991))); *United States v. Kramer*, 225 F.3d 847, 857 (7th Cir. 2000) (noting that a default judgment is void if a party has not been properly served and the court therefore has no personal jurisdiction over that party); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) ("The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each

defendant through effective service." (citing *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005))).

4. **MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Coleman moves the Court for leave to file an amended complaint, attaching her anticipated amended complaint to the motion.[5] ECF Nos. 31 and 31-1. The Court will deny Coleman's motion because her anticipated second amended complaint, ECF No. 31-1, fails to comply with Federal Rule of Civil Procedure 8. Further, because the operative complaint in this case, ECF No. 1-2, also fails to comply with Rule 8, the Court will order Plaintiff to amend her complaint to resolve this deficiency.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) requires that "each allegation . . . be simple, concise, and direct." This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Neither Coleman's operative complaint nor her proposed amended complaint comply with Rule 8's requirement that complaint provide a "short and plain statement of the claim[s]" nor that the allegations be "simple, concise, and direct." FED. R. CIV. P. 8(a)(2) and (d)(1). The operative complaint in this matter is 243 pages long. *See* ECF No. 1-2. Coleman's proposed second amended complaint is 411 pages, excluding attachments.

---

[5]Coleman also moves the Court for leave to add an additional defendant, Marteze Little, to her complaint. ECF No. 30. This motion is now moot, however, because Coleman has since filed notice of voluntary dismissal for Marteze Little. *See* ECF No. 34. The Court will accordingly deny as moot Coleman's motion to add Marteze Little as a Defendant.

*See* ECF No. 31-1. Both complaints are far too long for Rule 8's requirement. *Garst*, 328 F.3d at 378 ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter."); *see id.* at 378–79 (affirming dismissal of a 155-page complaint with 99 attachments for failure to comply with Rule 8); *Belk v. Watson*, No. 21-cv-142-DWD, 2022 WL 22919763, at *2 (S.D. Ill. Nov. 14, 2022) ("Plaintiff's 255-page complaint is anything but short and plain."); *Benson v. Tucker*, No. 1:25-CV-300-TLS-JEM, 2025 WL 2773377, at *1 (N.D. Ind. Sept. 26, 2025) (finding that the plaintiff's 132-page complaint did not comply with Rule 8). The Court will accordingly order that Coleman file a second amended complaint that is no more than **twenty-five (25) pages long**. Coleman must file this amended complaint on or before **December 4, 2025**. Failure to timely file a second amended complaint that complies with this length requirement will result in the Court dismissing her case without further notice.

### 5. MOTIONS TO DISMISS

The Removing Defendants and LV separately move to dismiss the operative complaint for failure to state a claim. ECF Nos. 2 and 4. Because the Court is permitting Coleman to amend her complaint to comply with Rule 8, it will deny the pending motions to dismiss without prejudice. The Court further notes that it is contemporaneously filing its Comprehensive Protocols and Procedures Order with this Order, which contains specific rules that parties must follow to file a compliant Rule 12 motion before this branch of the Court. Accordingly, should any defendant elect to file another Rule 12 motion in the future, it should take care to comply with the requirements of that order.

## 6. CONCLUSION

For the reasons discussed herein, the Court will deny Coleman's motion to remand this case. ECF No. 6. It will further deny Coleman's motion for default judgment as to Johnson, ECF No. 28, and her motion for leave to file an amended complaint, ECF No. 31. The Court will deny as moot Coleman's motion to add Marteze Little as a Defendant, ECF No. 30, and it will deny without prejudice the Removing Defendants' and LV's motions to dismiss, ECF Nos. 2 and 4.

The Court will further order Coleman to file a second amended complaint that is no more than **twenty-five (25) pages long**. The Court is enclosing a copy of its amended complaint form and instructions. Coleman must file this second amended complaint on or before **December 4, 2025**. Her second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Plaintiff's second amended complaint should accurately state what occurred and when, and it must provide the Court and Defendant(s) with notice of what any defendants allegedly did or did not do to violate Coleman's rights. Any such amended complaint must be complete in and of itself without reference to any prior version of the complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In the case of amendment, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). Failure to timely file a second amended complaint that complies with the Court's twenty-five (25)-page length requirement will result in the Court dismissing Coleman's case without further notice.

Accordingly,

**IT IS ORDERED** that Plaintiff Alaya Coleman's motion to remand, ECF No. 6, be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that Plaintiff Alaya Coleman's motion for default judgment as to Daviaon Johnson, ECF No. 28, be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that Plaintiff Alaya Coleman's motion for leave to file an amended complaint, ECF No. 31, be and the same is hereby **DENIED** insofar as it seeks to file the anticipated amended complaint attached as ECF No. 31-1;

**IT IS FURTHER ORDERED** that Plaintiff Alaya Coleman's motion to add Marteze Little as a Defendant, ECF No. 30, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendants Annenberg Investments, Ltd., Moyer Properties, LLC, and RPF-Somers Investors, LLC's motion to dismiss, ECF No. 2, be and the same is hereby **DENIED without prejudice;**

**IT IS FURTHER ORDERED** that Defendant LV Property Management's motion to dismiss, ECF No. 4, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff Alaya Coleman, on or before **December 4, 2025**, shall **FILE** a second amended complaint in accordance with the instructions provided herein. Failure to timely do so will result in dismissal of this case; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff Alaya Coleman a blank non-prisoner amended complaint form and a copy

of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge