# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALAYA COLEMAN,

    Plaintiff,

v.

RPF-SOMERS INVESTORS, LLC,
ANNENBERG INVESTMENTS LTD.,
LV PROPERTY MANAGEMENT,
MOYER PROPERTIES, LLC,
DAVIAON JOHNSON, NICOLETTE
WASHINGTON, MAURICE
PASQUIER, KAYLA RIVERA, RPF-
SOMERS MULTIFAMILY, LLC, and
RAVINE PARK PARTNERS,

    Defendants.

Case No. 25-CV-1277-JPS

**ORDER**

    In June 2025, Plaintiff Alaya Coleman ("Plaintiff") filed a complaint against RPF-Somers LLC, Annenberg Investments Ltd., Moyer Properties, LLC, LV Property Management, Daviaon Johnson, Melvin Pitt, Nicolette Washington, Maurice Pasquier, and Kayla Rivera. ECF No. 1-2. Plaintiff filed the operative complaint, naming the current defendants, in November 2025. ECF No. 43. In January 2026, Plaintiff filed a motion to dismiss this action under Federal Rule of Civil Procedure 41(a)(2). ECF No. 75.

    This rule, in relevant part, permits courts to dismiss an action "at the plaintiff's request . . . on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "The dismissal of a plaintiff's complaint without prejudice under Rule 41(a)(2) is within the sound discretion of the district court." *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). The district court abuses

that discretion "only when it can be established that the defendant will suffer plain legal prejudice as the result of the district court's dismissal of the plaintiff's action." *Id*. (citations and internal quotation marks omitted). The following factors indicate whether the defendant will suffer "plain legal prejudice" if the action is dismissed without prejudice: (1) the effort and expense of preparing for trial; (2) plaintiff's delay and lack of diligence in prosecuting the action; (3) "insufficient explanation for the need to take a dismissal" and (4) whether the defendant has filed a motion for summary judgment. *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

Here, the case—despite the time for which it has been pending—is in an early phase. No meaningful trial preparation appears to have been undertaken. Certain defendants have filed executive summaries regarding motions to dismiss, ECF Nos. 46 and 52, and at least one defendant has filed an answer, ECF Nos. 40 and 66. However, the motions to dismiss contemplated by those executive summaries have not been permitted nor filed. It does not appear that Plaintiff has been delinquent in prosecuting this case. Finally, summary judgment motions have not been filed. As such, the Court finds no plain legal prejudice to the defendants. It will therefore grant Plaintiff's motion and dismiss this action without prejudice.

A few additional matters and motions will be addressed at this juncture. First, Plaintiff's "notice of docket correction," ECF No. 45, will be construed as a motion and denied as moot in light of the Court's dismissal. Second, Plaintiff's motion to strike the filings of an improperly substituted defendant, ECF No. 49, will be denied as moot for the same reason. Additionally, before the Court are two joint executive summaries filed in contemplation of separate Federal Rule of Civil Procedure 12 motions. On December 1, 2025, the parties submitted a joint executive summary

regarding Defendant LV Property Management, LLC's anticipated motion for a more definite statement. ECF No. 46. On the same day, the parties submitted a joint executive summary regarding Defendants RPF-Somers Multi Family, LLC, Annenberg Investments Ltd., Moyer Properties, LLC, and Ravine Park Partners, LLC's anticipated motion to dismiss. ECF No. 52. Neither request will be authorized given the Court's dismissal of the case. Finally, the following additional motions will be denied as moot given the dismissal of this action: Defendant Pasquier's motion for an extension of time to file an answer, ECF No. 68; Plaintiff's motion for leave to proceed without prepayment of the filing fee, ECF No. 70; and Plaintiff's motion for leave to file a second amended complaint, ECF No. 74.

Accordingly,

**IT IS ORDERED** that Plaintiff Alaya Coleman's motion for dismissal under Federal Rule of Civil Procedure 41(a)(2), ECF No. 75, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Alaya Coleman's motion to correct the docket, ECF No. 45, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Alaya Coleman's motion to strike the filings of an improperly substituted defendant, ECF No. 49, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant Maurice Pasquier's motion for an extension of time to file an answer, ECF No. 68, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Alaya Coleman's motion for leave to proceed without prepayment of the filing fee, ECF No. 70, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Alaya Coleman's motion for leave to file a second amended complaint, ECF No. 74, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2026.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge